UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THEODORA JACKSON; ALL OCCUPANTS and PERSONS IN POSSESSION,<br><br>　　　　　Defendants. | CASE NO. C11-5363BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Defendant Theodora Jackson's ("Jackson") motion for a temporary restraining order (Dkt. 2). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 12, 2011, Plaintiff Federal National Mortgage Association ("FNMA") filed a motion to show cause in an action in the Superior Court of the State of Washington in and for Pierce County. Dkt. 1, Exh. A. FNMA requested that the court order Jackson or any other occupant of 11822 Reservoir Road East, Puyallup, WA 98374, to show cause why the court should not issue a writ of restitution restoring to FNMA possession of the property. *Id*.

On May 12, 2011, Jackson removed the action to this Court. Dkt. 1. On May 20, 2011, Jackson filed a motion for temporary restraining order. Dkt. 2.

ORDER - 1

## II. DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) requires that a party "show that immediate and irreparable injury or damage will result to the movant before the adverse party can be heard in opposition" and the movant certify "in writing any efforts made to give notice and the reasons why it should not be required." A more lengthy statement of the burden for injunctive relief is found in *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, (2008):

> A party seeking a preliminary injunction has the burden to show that (1) it is likely to succeed on the merits of the claim, (2) it will suffer irreparable harm absent injunctive relief, and (3) that the balance of equities and (4) the public interest favor granting the injunction.

*Id*. at 375–76.

In this case, Jackson has failed to comply with the rules of procedure. She has not submitted facts that she will suffer harm before FNMA may be heard in opposition, and she has not certified in writing that efforts were made to notify FNMA. Therefore, the Court may not issue a temporary restraining order without notice to FNMA.

Second, Jackson has failed to meet her burden for injunctive relief. Jackson appears to allege claims of banking fraud, attorney misconduct, and an invalid deed of trust. *See* Dkt. 2, ¶¶ 5 & 10. Jackson, however, has failed to show that she is likely to succeed on the merits of these claims. Her brief is mainly conclusory allegations and is also devoid of specific facts pertaining to all of these claims.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendant Theodora Jackson's motion for a temporary restraining order (Dkt. 2) is **DENIED**.

DATED this 23rd day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2