UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

  v.

THEODORA JACKSON, including all occupants of 11822 Reservoir Road East, Puyallup, WA 98374,

    Defendant.

CASE NO. C11-5363BHS

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiff Federal National Mortgage Association's ("Federal") motion for remand (Dkt. 7). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 12, 2011 Defendant Theodora Jackson ("Jackson") removed this unlawful detainer action to this Court from the Pierce County Superior Court for the State of Washington. Dkt. 1. On November 28, 2011, Federal filed a motion to remand. Dkt. 7. Jackson did not respond.

## II. DISCUSSION

As a threshold matter, failure to respond to a motion may be considered by the Court as an admission that the motion has merit. Local Rule CR 7(b)(2). Jackson did not respond to Federal's motion and the Court considers this failure as an admission that the motion has merit.

ORDER - 1

District courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties, of the United States." 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The party seeking removal has the burden in establishing federal jurisdiction. *Duncan v. Steutzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). When the district court does not have subject matter jurisdiction it must remand the action. 28 U.S.C. § 1447(c).

In this case, Jackson has failed to show any basis for federal subject matter jurisdiction over this action. Federal argues that (1) there is no diversity jurisdiction because the amount in controversy is $10,000, which is less than the jurisdictional minimum of $75,000; (2) Jackson improperly removed the case more than thirty days after the original complaint was filed; and (3) the original action could not have been filed in federal court. Dkt. 7-1 at 1-4. The Court agrees on all counts.

### III. ORDER

Therefore, it is hereby **ORDERED** that Federal motion for remand (Dkt. 7) is **GRANTED** and this matter is **REMANDED** to Pierce County Superior Court.

DATED this 3rd day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge